IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CHARLENE CLAY, *et al.* <br>                          Plaintiffs, <br><br> v. <br><br> CHASE BANK USA, N.A., *et al.*, <br>                          Defendants. | Action No. 08:10–CV–2169—AW |

## MEMORANDUM OPINION

Pending before the Court is Defendant Chase Bank USA, N.A.'s ("Chase") Motion to Dismiss (Doc. No. 5). Plaintiffs' (Charlene Clay, Michael Lancaster, and Bobbie Jo Lancaster) Motion to Amend/Correct Initial Complaint (Doc. No. 8), and Defendant's Motion to Dismiss the Amended Complaint (Doc. No. 12). The parties have fully briefed the issues before the Court, and the Court deems that no hearing is necessary. For the reasons articulated herein, the Court will **GRANT** Plaintiffs' Motion to Amend/Correct Initial Complaint, **DENY-AS-MOOT** Defendant's Motion to Dismiss the Initial Complaint in this Matter, and **GRANT-in-PART** and **DENY-in-PART** Defendant's Motion to Dismiss the Amended Complaint.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant First American Title Insurance Company removed this case to this Court from the Circuit Court for Prince George's County, Maryland on August 9, 2010. (Doc. No. 1).[1] The Court will briefly recount the facts giving rise to this claim. Plaintiffs aver that on February 9, 2005, Charlene Clay purchased separate parcels of land for $352,000.00. (Doc. No. 13-1, at 2). Parcel One consisted of 41.5627 acres of land. *Id.* Parcel Two consisted of 4.1826 acres of land.

---

[1] Plaintiffs voluntarily dismissed this Defendant from this case on September 1, 2010. (Doc. NO. 9)

*Id.* Washington Mutual Bank was the mortgagee for these two parcels of land, which were secured by Purchase Money Deed of Trust. The Deed of Trust was filed in the land records of Prince George's County. *Id.*

Charlene Clay sold a ten acre tract of land from these parcels to her family members, Michael and Bobbi Jo Lancaster (who are married), in order to pay off her mortgage with Washington Mutual Bank. *Id.* She made this conveyance on September 1, 2006. Defendant Chase financed the Lancaster's purchase of this ten acres of land from Plaintiff Clay.

The Lancasters submitted a uniform residential loan application to the Allied Home Mortgage Capital Corporation (the processing agent for Defendant Chase) on September 26, 2006. Plaintiff Clay avers that she did not apply for a loan with Chase, as she was the seller of the property. Despite the fact that Clay was selling property to the Lancasters, Plaintiffs aver that Allied Home Mortgage Capital Corporation identified Clay as the purchaser of 12501 Cedarville Rd., Brandywine MD 20613, for an amount of 41.56 acres of land. The Lancaster's loan file was transferred to Defendant Chase for underwriting on September 26, 2006. Plaintiffs allege that the Lancasters received a Good Faith Estimate of the property, but Clay did not receive this estimate.

Plaintiffs state that Clay was identified as the purchaser, rather than the seller of the 10 acres of 12501 Cedarville Rd., Brandywine, MD 20613 during the underwriting process. According to Plaintiffs, Defendants failed to review the mortgage loan file, which was required in order to validate the loan it had given to the Lancasters.

In order to conduct the settlement closing for the mortgage loan that the Lancasters applied for, Plaintiffs assert that Chase (through its agent, Allied Home Mortgage Capital Corporation) hired Defendant Settlement Solutions, a title insurance agent of terminated

defendant First American Title Insurance Company.[2] Chase submitted Settlement Solutions with closing documents which identified Charlene Clay as the purchaser of 41.56 acres of 12501 Cedarville Rd., Brandywine, MD 20613. Plaintiffs assert that during the settlement closing on the mortgage, Plaintiff Clay noted the error in the legal description of the property that she intended to transfer to the Lancasters. Furthermore, she noticed that she had been misidentified as the purchaser of the property that she was selling to the Lancasters. Finally, she recognized that she had been misidentified as a "borrower" on the Deed of Trust for the property that she was selling to the Lancasters. Plaintiff declares that "[d]espite the fact that plaintiff Clay was not a borrower on the defendant Chase Loan, defendant Settlement Solutions instructed the plaintiff that it would be necessary for plaintiff Clay to be on the 'Deed of Trust' in order to perform a 'family conveyance.'" *Id.* at 5.

Plaintiffs posit that on September 27, 2006, Plaintiffs paid $1,125.00 to First American Title Insurance Company for title insurance on Parcel One of Plaintiffs' property. Additionally, on that day, Plaintiffs executed a Deed of Trust in favor of Chase Bank. This Deed of Trust secured a loan for $500,000 that Chase Bank made to the plaintiffs.[3] Plaintiffs aver that they were not satisfied with the legal description of the property in the loan documents, and thus, they demanded that either the documents be corrected or that the transaction be cancelled. According to Plaintiffs, Settlement Solutions directed Plaintiffs to file an "Application for Agricultural Use Assessment" in order to correct the incorrect information that existed in the loan documents regarding the ten acres that Clay intended to convey to the Lancasters.

In order to correct the legal descriptions of the property that existed in the loan

---

[2] In their notice of removal, the terminated defendant, First American Insurance Company, indicates that Defendant Settlement Solutions has been erroneously named in this action, as the name "Settlement Solutions" is the trade name of "Settlement, Escrow, & Abstract Solutions, Inc." (Doc. No. 1, at 1). From the docket sheet in this case, it appears as though this Defendant has not yet been served.
[3] Plaintiffs do not specify which plaintiffs (the Lancasters or Clay) secured this $500,000 loan from Chase Bank.

documents, Plaintiffs aver that they "immediately sought assistance with conveying the property such that the parties legally possessed the intended amount of land through the family conveyance." In order to partition the land in a manner that was consistent with the conveyances that the plaintiffs had agreed upon, Plaintiffs employed RDA Engineering Company, Inc. to conduct a land survey. Plaintiffs indicate that on October 29, 2008, RDA Engineering Company filed a Family Conveyance Parcel in the Land Records of Prince George's County. This filing identified 31 acres that was to be owned in fee simple by Plaintiff Clay.

Subsequently, the Lancasters defaulted on their loan to Defendant Chase. On June 9, 2009, Chase filed for foreclosure on Plaintiff Clay's thirty-one acres and on the Lancaster's ten acres of the property.

Plaintiffs have filed an Amended Complaint in this matter, alleging five counts. In Count I, Plaintiffs seek a declaration and injunction for quiet title and right to petition the Court for reformation of the Deed of Trust at issue in this case.[4] In Count II, Plaintiffs seek a declaration and injunction for a determination of rights under the Deed of Trust created between the Lancasters and Chase. In Count III, Plaintiffs seek a declaration of rights under the Title Insurance Policy insuring Parcels One and Two of the 12501 Cedarville Rd., Brandywine, Maryland property. In Count IV, Plaintiffs assert a claim of negligence against Chase Bank, Settlement Solutions, and Allied Mortgage Capital Corporation. Finally, in Count V, Plaintiff alleges that Defendant Chase and Settlement Solutions violated the Maryland Consumer Protection Act.[5]

---

[4] Plaintiffs aver that "Under Maryland law, a quiet title claim may be brought only if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim. The plaintiffs acknowledge the existence of CAE09-17024 and shall voluntarily dismiss this claim." (Doc. No. 13-1, at 11)(citing West's Ann. Md. Code, Real Property, §14-108). The Court assumes that despite Plaintiffs' concession that they will dismiss its Quiet Title Claim, under Count I, Plaintiffs seek an adjudication on the other claims made in Count I.

[5] In what Plaintiffs indicate is Count III of this Complaint (the Court assumes this is a typo, as this Count does not

## II. Service of Process Upon Defendant Settlement Solutions

Reviewing the Docket in this matter, the Court notices that service of process has not yet been effectuated upon Defendant Settlement Solutions in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. In the corresponding Order to this Memorandum Opinion, the Court will order that the Plaintiffs show cause as to why Defendant Settlement Solutions should not be dismissed from this Complaint.

## III. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that "Rule 8 still requires a 'showing,'" of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events,

---

follow the numerical sequence for other Counts alleged), Plaintiff brings claims for Breach of Contract against Settlement Solutions and Defendant First American Title Insurance Company. The Court will not address this Count, as these Defendants are not currently parties to this litigation, and hence, have not asserted any opposition to this Count.

*United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## IV. ANALYSIS

Plaintiffs have filed a Motion to Amend their initial complaint, adding as Defendant Allied Home Mortgage Capital Corporation (Doc. No. 8). Defendant Chase Bank has not filed any opposition to Plaintiffs' motion. Pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure, if a party is seeking to amend its complaint more than 21 days after serving it, "a party may amend its pleading only with the opposing party's consent or with the court's leave. The Court should freely give leave when justice so requires." Moreover, Federal Rule of Civil Procedure 20 (a)(2) allows a Defendant to be joined if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences . . . ." The Court believes that no prejudice will result to the Defendants if this amendment is allowed. Therefore, the Court will **GRANT** Plaintiffs' Motion to Amend.

### i. Injunctive Relief

Defendant Chase Bank contends that Plaintiffs have not adequately alleged a claim for injunctive relief. In order to adequately plead a claim for injunctive relief, a plaintiff must show the following:

(1) that he is likely succeed on the merits;
(2) that he is likely to suffer irreparable harm in the absence of an injunction;
(3) that the balance of the equities tips in his favor; and
(4) that an injunction is in the public interest.

*Winter v. NRDC*, 555 U.S. 7 (2008).

Defendant avers that the Plaintiffs have not presented any facts to demonstrate that they will succeed on the merits. Moreover, they allege that the parol evidence rule bars the use of Ms. Clay's alleged intent to contradict the terms of the deed of trust. According to Defendant, evidence to contradict the terms of the deed will be necessary for Plaintiffs to prevail on the merits of their claim. They also allege that the injunction requires facts sufficiently plead to rebut the presumption of good faith in a transaction involving real property.

The Court recognizes that "[i]n the absence of fraud, duress, or mistake, parol evidence is not admissible to show the intention of the parties, or to vary, alter, or contradict the terms of that contract." *General Motors Acceptance Corp., v. Daniels,* 303 Md. 254, 261-62 (1985). The Amended Complaint in this matter clearly demonstrates that the Plaintiffs have alleged that a mistake exists on the Deed of Trust. As such, parol evidence is warranted in this case in order to contradict the terms of the deed.

Defendant also argues that they are entitled to a presumption of *bona fide* purchaser status. In order for Chase to be entitled to the protections of a *bona fide* purchaser, the purchaser must (a) have given value for the property; (b) dealt in good faith with respect to the purchase; and (c) have acted without notice of any infirmity in the title of his vendor. *Washington Mut. Bank v. Homan*, 186 Md. App. 372, 395 (2009).

Defendant posits that Plaintiffs must demonstrate that the Defendant was on notice of the error in the legal description of the deed and deed of trust on the date of the settlement. Defendant maintains that there is no allegation that the Plaintiffs notified Chase of the alleged error at or prior to the closing . . . ." (Doc. No. 6, 12-1, at 6). Despite Defendant's arguments, the Court believes that Plaintiffs have adequately pled that notice was given to the Chase's settlement agent, Settlement Solutions. The Amended Complaint states,

>     30. During the settlement, the plaintiff Clay identified the error in both the legal description of the property to be transferred to the plaintiffs Michael and Bobbie Jo Lancaster and her identity as purchaser of the property that she was selling to plaintiff Michael and Bobbie Jo Lancaster.
>
>     31. The legal description identified 41.5627 as the land to be conveyed. The plaintiffs indentified that only ten (10) acres be conveyed and communicated this intent to the defendant 'Settlement Solutions.
>
>     32. The closing agent, defendant Settlement Solutions, informed the plaintiff that they could later perform a "Family Conveyance" at a later date to correct the problem.
>
>     33. The review of the loan documents, plaintiff Clay identified an error on several documents, specifically in the "Deed of Trust," which named her as a "borrower" on the loan procured by plaintiffs Michael and Bobbie Jo Lancaster from defendant Chase.

(Doc. No. 8-3, ¶¶30,31, 32, 33).

As Chase's settlement agent, the Court believes that Plaintiffs have sufficiently alleged that Settlement Solutions had notice of the error in the deed of trust. As this litigation proceeds, the extent to which this notice was imputed to Chase Bank can be established. However, the Court believes that the Amended Complaint has adequately alleged notice, sufficient to overcome a presumption of *bona fide* purchaser status for Chase at this stage in the litigation.

Further discovery is necessary for a proper determination of whether an injunction is in the public interest, whether the balance of the equities tips in the plaintiffs' favor, and whether Plaintiff is likely to succeed on the merits of the claim. However, at this stage in the litigation, the Court believes that dismissal of the claims for injunctive relief is premature.

### ii. Negligence

In their Amended Complaint, Plaintiffs aver that Defendant is liable for negligence, as they "had a duty to verify and validate the legal description of the real property described in the Deed of Trust." (Doc. No. 8-3, at ¶48). Defendant responds that Plaintiff's negligence claim is

barred by the statute of limitations, as an action for negligence has a three year statute of limitations in Maryland. Md. Cts. & Jud. Proc. Code Ann. §5-101 (1984); *Phillips v. G.D. Searle & Co.*, 884 F.2d 796, 797 (4th Cir. 1989). Defendant states that the "the negligence alleged all occurred at or prior to the settlement of the subject loan, in 2006. The instant case was filed in 2010, more than three years later." (Doc. No. 12-1, at 10). Plaintiffs have not responded this claim. As the Amended Complaint reflects that the negligence that occurred happened in 2006, the Court finds that this claim is barred by the statute of limitations. Therefore, the Court will **DISMISS** Count IV from this Complaint.

### iii. Declaratory Relief

In Counts I, II, and III, plaintiffs request that the Court grant declaratory relief on the matters presented in these Counts. Defendant posits that this Court does not have jurisdiction under 28 U.S.C. §2201 to grant the declaratory relief, arguing that "[t]he judgment requested by the Plaintiff will not conclusively resolve the issues herein and will again have the effect of judicially blessing further litigation." (Doc. No. 12-1, at 13). Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, the Court is required to consider three factors when determining whether to grant declaratory relief: (1) the complaint must allege an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court must possess an independent basis for jurisdiction over the parties; and (3) the court must decide whether to exercise its discretion to determine or dismiss the action.

The first two factors are clearly met, as there is an actual controversy between the parties, and the Court has jurisdiction over this matter on the basis of diversity. However, the final factor that the Act presents requires further analysis. Declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2)

when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Tobar-Barrera v. Napolitano*, Civ. No. RDB 10-0176, 2010 WL 972557, *3 (D.Md. Mar.12 2010) (citing *Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir.1937)). The Court notes that the "Federal Declaratory Judgment statute is couched in terms which give the District Court power to determine, as a matter of sound discretion, whether to entertain the action at all." *Panama Processes S.A. v. Cities Service Co.*, 362 F. Supp. 735, 738 (S.D.N.Y. 1973). The Court in *Panama Processes*, cited Professor Borchard's formulation of the Declaratory Judgment Statute for guidance in determining when the court should utilize its discretion in rendering a declaratory judgment. "The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished the Court should decline to render the declaration prayed." *Id.* at 738.

   The Court believes that at this stage in the litigation, the Plaintiffs' pleadings adequately allege a claim for which declaratory relief is potentially warranted. It is clear from the pleadings that the Deed of Trust is unclear as to which portion of the property belongs to the Lancasters and which portion belongs to Clay. This same uncertainty exists as to the ownership of the property as it is recorded in the Title Insurance Policy. The Plaintiffs request that this Court declare that "Plaintiff enjoy undisturbed ownership of her property;" "Plaintiff has the right to petition the Court for reformation of her deed;" "Plaintiff has complete, sole, and uninterrupted ownership and rights in her property . . .(31.5267 acres of land);" "the property identified as 12501 Cedarville Rd., Brandywine, MD 20613 (10 acres of land) was transferred by deed from

Plaintiff Charlene Clay to Plaintiffs Michael Lancaster and Bobbie Jo Lancaster." (Doc. No. 8-3, at 7).  With the allegations made in Plaintiffs' Amended Complaint, the Court believes that Plaintiffs have sufficiently alleged that declaratory relief will terminate the uncertainty, insecurity and controversy which has given rise to this proceeding—namely, which portion of the property that each plaintiff rightfully owns.  As the Defendant's right to foreclosure is largely dependent upon a judicial determination of the validity and accuracy of the Deed of Trust in this matter, the Court finds that Plaintiffs' pleadings adequately allege that declaratory relief is warranted.

If further litigation is needed to resolve residual issues regarding the Plaintiffs' respective rights to the property, this further litigation does not preclude a finding that declaratory judgment is warranted.  This Court believes that declaratory relief is warranted when the relief will clarify and settle legal relations *or* terminate the controversy.  Accomplishing *both* of these objectives is not a prerequisite to granting declaratory relief, and as such, the Court does not agree with the Defendant's argument that it does not have jurisdiction under §2201 because further litigation will be necessary to resolve the controversy.

Defendant states that declaratory relief is not warranted in this matter because the Lancasters "have not alleged any facts to show that the DOT is fraudulent, erroneous, or otherwise invalid as to the ten (10) acres which are not in dispute."  Moreover, Defendant avers that the Lancasters have not "allege[d] any defect in the Loan underlying the deed of trust.  The Lancasters admit to having executed in the DOT and defaulted under the terms of the Loan.  The Complaint contains no set of facts that would entitle the Lancasters to damages."   The Court does not find this argument persuasive.  The Court agrees with the Plaintiffs' argument that "the claims of Michael and Bobbi Jo Lancaster are inextricably tied to the claims of Charlene Clay."

(Doc. No. 13, at 12). A foreclosure on the Lancasters' property would necessarily result in a foreclosure on Clay's property, were Plaintiffs' version of the facts in this case to be accepted. As such, it is evident that an assertion by the Lancasters that the Deed of Trust was invalid is unnecessary, as Clay's assertion that the Deed of Trust is invalid is sufficient to warrant relief in this case.

### iv. Consumer Protection Act Violation-COUNT V

Defendant contends that Plaintiff's Consumer Protection Act claim is barred by the three year statute of limitations, alleging that in a mortgage transaction, the statute of limitations begins to run at the closing of the loan or when the plaintiff has knowledge of the legally operative facts permitting the filing of a claim. (Doc. No. 12-1, at 10)(citing *Master Financial, Inc. v. Crowder*, 409 Md. 51 (2009). Defendant correctly states that "in a mortgage transaction, the statute of limitations begins to run at the closing of the loan or when the plaintiff has knowledge of the legally operative facts permitting the filing of a claim." *Id.*; *see also Master Financial Inc.*, 409 Md. at 65.

Plaintiffs aver that they have filed their claim within the applicable limitations period for this cause of action. They allege that "[t]he relevant date for determining when the statute of limitations should commence is November 20, 2007. On this date the plaintiff Michael Lancaster engaged RDA Engineering Company, Inc. to perform a land survey in an effort to partition the land in accordance with the plaintiffs' agreed upon conveyance." (Doc. No. 13, at 10). The pleadings in this case lead the Court to a different conclusion, for Plaintiffs have conceded that they discovered the mistake on the Deed of Trust on September 27, 2006 during the closing of the loan. *See* 8-3, at 30-34. Such an acknowledgement demonstrates that the Plaintiff discovered the negligent misrepresentation on September 27, 2006, and not on

November 20, 2007 as Plaintiff alleges. As such, the Plaintiffs' action under the Consumer Protection Act should be dismissed, as they filed the claim more than three years after the statute of limitations accrued.

Plaintiffs direct the Court to Maryland's tolling provision for negligent misrepresentation which states, "[i]f the knowledge of a cause of action is kept from a party by the negligent misrepresentation of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the negligent misrepresentation." 5-203, Courts & Judicial Proceedings Article. However, this tolling provision is not helpful for Plaintiffs in this case, as the Plaintiff's Amended Complaint clearly alleges that they discovered the misrepresentation on September 27, 2006. Accordingly, Count V is **DISMISSED** from this Complaint.

### III. CONCLUSION

An Order consistent with this Memorandum Opinion will follow. The Court will proceed to issue a Scheduling Order in this case.

Date: <u>March 21, 2011</u>                         _____/s/_____
                                                                   Alexander Williams, Jr.
                                                                   United States District Judge